UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23162-WILLIAMS/D'ANGELO

AYMARA SORHEGUI,

      Plaintiff,

vs.

PARK EAST HOME OWNERS ASSOCIATION, INC;
LOURDES KRAUSE ; PEDRO P. ECHARTE, JR.;
ADAM CERVERA; WILLIAM ESSIG; MICHAEL
GONGORA; ALEIDA BOADA; LOURDES SIMON;
and BECKER & POLIAKOFF, P.A.,

      Defendants.
_____/



FILED BY _____ D.C.
MAR 17 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF**
**OBJECTIONS TO REPORT OF MAGISTRATE JUDGE**

    Comes now the Plaintiff, Aymara Sorhegui, *pro se*, and files this Reply in Support of her Objections to the Omnibus Report and Recommendations of General Magistrate:

    This reply will address the Response to Plaintiff's Objections to Report and Recommendation filed by Defendants **Pedro Echarte, Jr. and Lourdes Simon.** (DE 68)(hereinafter "the Response.")

    The Judicial Defendants utilize the first 4 and 1/2 pages of the Response to make various arguments regarding the Plaintiff's Motion for Leave to Exceed Page Limitation. (DE 65)(hereinafter "the Motion.") Such argument is not properly included within the Judicial Defendants' Response, as the Omnibus Report (DE 63) does not adjudicate the Motion. The Judicial Defendants did not file a response to the Motion, and have not filed a motion to strike.

    While opposition to the Motion is not properly included in the Response, in an abundance of caution the Plaintiff will address the Judicial Defendants' arguments regarding the Motion. Like

1

Defendant William Essig, the Judicial Defendants assert that the Plaintiff's Objections are 22 pages in length despite the fact that S.D.L.R. 7.1(c)(2) provides that the page comprised solely of the certificate of service does not count toward the total. Excluding that page, the Objections are 21 pages long.

The Judicial Defendants contend that because the Additional Evidence (DE 66) was filed in support of the Plaintiff's Objections, the two should be considered a single document for page-counting purposes. The Judicial Defendants cite no authority for this proposition. S.D.L.R. 7.1(c)(1) provides that "All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing." While an objection is not a motion, response or reply, it is worth noting that, for page-counting purposes, the Local Rules do not include such additional materials as pages to be counted toward the page limits applicable to motions, responses, and replies. See S.D.L.R. 7.1(c)(2).

The Judicial Defendants argue that the Court should strike the Objections and the Motion in their entirety because Plaintiff's certificate of conferral is incorrect and because she did not inform the Court that the Judicial Defendants and others objected to the Motion. Nothing in the rules requires, or even countenances, notification to the Court that a party objects to a motion when such objection is received after the motion is filed.

As Plaintiff explained in her reply (DE 71) in support of the Motion, the certification included in the Motion was entirely truthful and accurate. The Magistrate Judge sua sponte shortened the time in which to file objections from the usual fourteen days to ten. Plaintiff, as a pro se litigant, is not permitted to utilize CM/ECF. She is of modest financial resources and does not own an adequate printer. To make sure that documents are filed on time she is compelled to physically deliver them to the clerk's office, and she must visit a retail copy store to print out her

filings before delivering them. Unlike persons who have access to CM/ECF, Plaintiff does not have the ability to edit her submissions right up until the moment of filing.

Local Rule 7.1(a)(3) is entitled "Pre-filing Conferences Required of Counsel." The text of the rule says that "counsel for the movant shall confer[.]" Plaintiff is a *pro se* litigant. Neither the title of the rule nor its text make reference to self-represented persons. Notwithstanding the fact that the rule imposes requirements upon counsel and not upon parties, in an abundance of caution Plaintiff attempted to comply with the rule by reaching out to the Defendants' attorneys by email and by including the certification in the Motion. The reason there was no adjustment to the Certification after noon on the 24th is because Plaintiff was traveling to OfficeMax, waiting in line, and then printing out her Objections [DE 64] and her Motion [DE 65], after which time she was traveling to the clerk's office to file the documents. The Certification contains no misleading or untruthful representations whatsoever. It accurately states that Plaintiff emailed all attorneys of record and that, "as of this writing at approximately noon on February 24th" she had only received one response. [DE 65]. The Judicial Defendants fail to acknowledge that the rule by its terms applies only to "counsel."

The Judicial Defendants inveigh, without citing to a single case, statute, or authority of any kind, that Plaintiff's Notice of Filing Additional Evidence (DE 66) is an unauthorized amendment of the Complaint. According to the Judicial Defendants, Plaintiff violated the rules by failing to confer with the Defendants prior to amending her pleading. The filing of the Additional Evidence is not an amendment to the Complaint. Instead, as stated in the Notice of Filing, the Additional Evidence was "filed as a proffer to establish that Plaintiff has substantial plausible evidence of bad faith and harassment in the state court proceedings and of the fact that Defendants cannot

demonstrate 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (DE 66, p. 2).

The Judicial Defendants do not attempt to specifically rebut any of the assignments of error or legal arguments contained in the Objections. Instead, the Judicial Defendants, in essence, dismiss the entirety of the Objections by claiming that all the Plaintiff does therein is repeat her prior arguments. This is untrue.

So long as objections are timely and specific, the portions of a magistrate's report and recommendations to which the objections are directed must be reviewed *de novo*:

> A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

*Onemata Corp. v. Ashfaq Rahman*, 2023 U.S. Dist. LEXIS 164509, *5-6 (S.D. Fla., Sept. 15, 2023).

Furthermore, where, as here, a magistrate's report concerns dispositive matters, de novo review is required:

> After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir.

4

2020). **For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

*Baines v. Frontline Asset Strategies, LLC,* 2024 U.S. Dist. LEXIS 210700, *1-2 (M.D. Fla., November 20, 2024)(emphasis added).

Sorhegui's Objections were timely and they were also specific. They contain "assignments of error" numbered 1-7, and each assignment of error quotes a portion of the Report and explains why it is erroneous. (DE 64). In her Objections the Plaintiff does more than simply reiterate or rehash the original arguments, and therefore this Court "must conduct a de novo review of the portions of the report to which objection is made." *Onemata, supra*, at *6, citing *Macort v. Prem, Inc.*, 208 F. Appx. at 783-784.

The only one of the Assignments of Error to which the Judicial Defendants do anything more than write a single paragraph contending, in essence, that "Plaintiff has already made these arguments" is Assignment of Error #1. Nothing the Judicial Defendants write concerning the first assignment of error effectively rebuts the Plaintiff's contention that, throughout the Report, the Magistrate Judge failed to consider the facts alleged in the Amended Complaint in the light most favorable to Plaintiff. In the Objections Sorhegui quotes several portions of the Report in which this error is apparent, and she stands by her arguments in this regard.

Accordingly, for the above and foregoing reasons, this Court should sustain the Plaintiff's Objections to the Omnibus Report and Recommendations.

Respectfully submitted this 17th day of March, 2025.

*[signature]*
AYMARA SORHEGUI, Plaintiff
210 NW 87th Ave., Apt. L225
Miami, FL 33172
(786)366-6746
rolayn@aol.com

## Certificate of Service

I certify that on this 17th day of March, 2025, I served this document by email upon the following:

Jeremy A. Koss, Esq. (service@kosslegal.com)
William G. Essig, Esq. (wessig@essiglawpa.com)
Walter Miller, Esq. (Walter.Miller@myfloridalegal.com) and
J. Chris Bristow, Esq., (JCBristow@lawclc.com).

*[signature]*
AYMARA SORHEGUI, Plaintiff
210 NW 87th Ave., Apt. L225
Miami, FL 33172
(786)366-6746