UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-23162-CV-WILLIAMS

AYMARA SORHEGUI,

    Plaintiff,

v.

PARK EAST HOME OWNERS
ASSOCIATION INC., *et al*.,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on Magistrate Judge Ellen D'Angelo's Omnibus Report and Recommendations (DE 63) ("***Report***") on: (1) Defendants' Motions to Dismiss (DE 12; DE 14; DE 15; DE 17);[1] (2) Plaintiff Aymara Sorhegui's Motion to Strike Replies (DE 31); and (3) Judge Pedro P. Echarte, Jr., and Judge Lourdes Simon's Motion to Strike Plaintiff's Notice of Filing Evidence (DE 39).

In the Report, Judge D'Angelo recommends granting Defendants' motions to dismiss. (DE 63 at 2, 16, 22, 24–25, 30, 32.) Judge D'Angelo also recommends denying Plaintiff's motion to strike and denying as moot Judge Echarte and Judge Simon's motion

---

[1] Plaintiff sued nine defendants who filed separate motions to dismiss: Judges Echarte and Simon filed a joint motion (DE 12); William Essig filed a separate motion (DE 14); Michael Christian Gongora, Adam Cervera, and Becker and Poliakoff, P.A. filed a joint motion (DE 15); and Park East Home Owners Association, Inc., Lourdes Krause, and Aleida Boada filed a joint motion (DE 17). Thus, for purposes of this Order, the Court will refer to these individuals and entities collectively as "***Defendants***." When addressing arguments or issues specific to an individual Defendant, the Court will identify them by name accordingly.

to strike. (*Id.* at 2, 22, 31–32.) Finally, Judge D'Angelo recommends dismissing Plaintiff's Amended Complaint with prejudice. (*Id.* at 30–31.)

Plaintiff timely objected to the Report. (DE 64.)[2] In the Objections, Plaintiff contests the Report's recommendations, mostly rehashing arguments that were presented to Judge D'Angelo.[3] It is well settled that an objecting party may not "submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp.

---

[2] Defendants filed Responses (DE 68; DE 69; DE 70) and Plaintiff filed Replies (DE 72; DE 73; DE 74).

[3] The Court notes that Plaintiff filed her twenty-one (21) page Objections (DE 64) without first seeking leave of Court in violation of Local Magistrate Rule 4(b), which states that "[a]bsent prior permission of the Court, no party shall file and serve any objections or responses to another party's objections exceeding twenty (20) pages in length." Notably, Plaintiff's additional page does not contain substantive argument. It instead challenges Magistrate Judge D'Angelo's ten (10) day deadline for filing objections to the Report. Specifically, Plaintiff requests "that the Court consider this Objection to be addressed to all dismissal recommendations" because "Plaintiff, being pro se and working two jobs, has suffered a hardship as the result of this time constriction, and it has adversely affected her ability to comprehensively address the Report in all of its facets." (DE 64 at 21.) This does not justify exceeding the page limit. Federal Rule of Civil Procedure 72(b)(2) requires the objecting party to "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff's generalized objection presented on page twenty-one (21) is therefore improper. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report.") (citation omitted). Nonetheless, the Court has considered all objections raised by Plaintiff.

380, 382 (W.D.N.Y. 1992)). Despite these shortcomings, the Court conducted a *de novo* review of the Report and addresses Plaintiff's Objections in turn.

### A. *Failure to accept the Amended Complaint's factual allegations as true.*

Plaintiff first contends that Judge D'Angelo failed to construe the allegations of the Amended Complaint in Plaintiff's favor. (DE 64 at 1–4.) This objection is without merit as Judge D'Angelo explicitly applied the correct legal standard. (DE 63 at 9) ("[T]he Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.") (citation omitted). A thorough review of the Report confirms that Judge D'Angelo properly accepted and construed all factual allegations in Plaintiff's favor, while also considering her *pro se* status. Nevertheless, Judge D'Angelo correctly determined that Plaintiff failed to state a claim on all counts against Defendants. *Kinsey v. King*, 257 F. App'x 136, 138 n.1 (11th Cir. 2007) ("Although *pro se* pleadings are liberally construed, 'even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'") (citation omitted). Accordingly, this objection is overruled.

### B. *Judicial Immunity.*

Plaintiff argues that Judge Echarte and Judge Simon acted in "the absence of all jurisdiction[,]" and are therefore not entitled to judicial immunity. (DE 64 at 5, 7.) However, this argument was already presented to Judge D'Angelo and is improper. *See Garcia-Solar v. United States*, No. 4:20-cv-10148, 2022 WL 714062, at *2 (S.D. Fla. Mar. 10, 2022) ("[A] party's objections are improper if they expand upon and reframe arguments

already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.") (citations omitted). As such, this objection is overruled.

### C. *Younger Abstention Doctrine.*

Plaintiff next asserts that the bad faith or harassment exception to the *Younger* abstention doctrine applies, and that this Court should not abstain from addressing the ongoing state court proceedings. (DE 64 at 8–10, 15.) However, Judge D'Angelo addressed this issue at length in the Report and properly concluded that abstention is appropriate. (DE 63 at 12–16.) *See Chestnut v. Canady*, 853 F. App'x 580, 582–83 (11th Cir. 2021) (no abuse of discretion in dismissing plaintiff's complaint under *Younger* abstention). Accordingly, this objection is overruled.

### D. *Eleventh Amendment Immunity.*

Plaintiff argues that the Eleventh Amendment does not bar her claims against Judge Echarte and Judge Simon. (DE 64 at 16.) Judge D'Angelo addressed and rejected this argument in the Report. (DE 63 at 18–22.) Plaintiff now asserts, for the first time, that her "Amended Complaint does not specify whether the judicial Defendants are sued in their individual or official capacities. Only the latter are covered by Eleventh Amendment Immunity." (DE 64 at 16.)[4] Upon a review of the Report, the Court finds that Judge D'Angelo correctly concluded that all of Plaintiff's interactions with Judge Echarte and

---

[4] Plaintiff's argument is also directly contradicted by her Amended Complaint, which explicitly states that she is suing both Judges in their official capacities. (DE 11 ¶¶ 6–7.) Because Plaintiff raises this argument for the first time in her Objections, the Court declines to consider it here. *See Lawson v. Weinrich*, No. 24-14022-CV, 2024 WL 2812209, at *2 n.4 (S.D. Fla. June 3, 2024) ("[T]o the extent Plaintiff makes allegations and arguments that were not previously presented to the Magistrate Judge, the Court declines to consider them.") (citations omitted).

Judge Simon occurred "in their roles as judicial officers." (DE 63 at 19.)  In any event, judicial immunity extends to state court judges, even when sued in their individual capacities. *See Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 1996) (affirming dismissal of *Bivens* claim against judge sued in his individual capacity on judicial immunity grounds); *see also Simmons v. Conger*, 86 F.3d 1080, 1086 (11th Cir. 1996) (holding that district court erred in awarding damages against a judge sued in his individual capacity as he was "entitled to judicial immunity").

Finally, Plaintiff argues that the Florida Third District Court of Appeal's "objectionable and unconstitutional opinion cannot be allowed." (DE 64 at 17.) In essence, Plaintiff is requesting this Court review and overturn a state court decision "for the good of the general public." (*Id.*) However, as Judge D'Angelo correctly noted, "[t]he declaratory relief Plaintiff seeks would directly interfere with the state proceedings, particularly where the federal court issues conflicting orders with the state court." (DE 63 at 14.) Therefore, Plaintiff's objections on Eleventh Amendment grounds are overruled.

### E.  *Construing 42 U.S.C. § 1985(3) claim as 42 U.S.C. § 1985(2) claim.*

Plaintiff objects to Judge D'Angelo's interpretation of her claim under 42 U.S.C. § 1985(2), arguing that she filed it as a claim under § 1985(3). (DE 64 at 18.) However, after determining that Plaintiff did not belong to a protected class necessary to sustain a claim under § 1985(3), Judge D'Angelo *also* considered whether Plaintiff's allegations could support a claim under § 1985(2). (DE 63 at 22–24.)  Judge D'Angelo correctly concluded that neither claim was viable. (*Id.*) Accordingly, because Judge D'Angelo has already thoroughly addressed this argument, Plaintiff's objection is overruled. *See*

*Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 18-cv-25337, 2025 WL 428423, at *2–3 (S.D. Fla. Feb. 7, 2025) (declining to conduct *de novo* review of objections that were addressed in magistrate judge's report and recommendation).

### F. *Dismissal of Amended Complaint with prejudice.*

Plaintiff contends that Judge D'Angelo erred in recommending dismissal of her Amended Complaint with prejudice, asserting that Judge D'Angelo "has applied a different standard." (DE 64 at 19.) The Court finds no error in Judge D'Angelo's determination that Plaintiff's Amended Complaint should be dismissed with prejudice. As Judge D'Angelo correctly concluded, any amendment would be futile. (DE 63 at 30–31.) And even if Plaintiff were given another opportunity to amend, dismissal would still be required, as she cannot overcome *Younger* abstention and judicial immunity. Moreover, her § 1985 claim remains deficient under both subsection (2) and (3), as she fails to allege that she belongs to a protected class or that Defendants conspired to prevent her from attending or testifying in *federal* court. Accordingly, this objection is overruled. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) ("A district court may properly deny leave to amend the complaint when such an amendment would be futile.") (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2018)).

### G. *Untimely Reply Brief.*

Finally, Plaintiff argues that Judge D'Angelo improperly considered the Reply Brief filed by Defendants Park East Home Owners Association, Lourdes Krause, and Aleida Boada (DE 31), as it was submitted three days late. (DE 64 at 20.) However, Judge D'Angelo has already addressed this argument and found no basis to exclude the filing.

(DE 63 at 31–32.) Accordingly, Plaintiff's objection on this ground is overruled. *See Ayala v. Dermaforce Partners, LLC*, No. 22-23000, 2023 WL 3674127, at *1 (S.D. Fla. May 25, 2023) ("District courts are afforded discretion under Rule 6(b) to accept untimely filings[.]").

Having carefully reviewed the Report, record, and applicable law, the Court agrees with Judge D'Angelo's well-reasoned analysis. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Ellen D'Angelo's Report (DE 63) is **AFFIRMED AND ADOPTED**.[5]

2. Defendants' Motions to Dismiss (DE 12; DE 14; DE 15; DE 17) are **GRANTED**.[6]

    a. Counts I, II, III, IV, and V of the Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendant Pedro P. Echarte, Jr.

    b. Counts I, II, III, IV, and V of the Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendant Lourdes Simon.

    c. Counts I, II, III, IV, and V of the Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendant William Essig.

---

[5] Plaintiff confusingly sues all "Defendants" in her Amended Complaint under each Count of the Amended Complaint, while failing to name each Defendant. Thus, the Court construes the Complaint as alleging violations against all Defendants in Counts I–Counts V.

[6] Judge D'Angelo also determined that the *Rooker-Feldman* doctrine and res judicata principles do not apply. (DE 63 at 9–12, 16–18.) Since Defendants did not challenge these conclusions and the Court is granting their Motions to Dismiss in full, further analysis of these issues is unwarranted. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (concluding that a district court need not address arguments "not presented to the magistrate judge.").

    d. Counts I, II, III, IV, and V of the Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendants Michael Christian Gongora, Adam Cervera, and Becker and Poliakoff, P.A.

    e. Counts I, II, III, IV, and V of the Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendants Park East Home Owners Association, Inc., Lourdes Krause, and Aleida Boada.

3. Plaintiff's Amended Complaint (DE 11) is **DISMISSED WITH PREJUDICE**.

4. Plaintiff's Motion to Strike (DE 31) is **DENIED**.

5. Judge Echarte and Judge Simon's Motion to Strike (DE 39) is **DENIED AS MOOT**.

6. All other pending motions are also **DENIED AS MOOT**.

7. All deadlines and hearings are **CANCELED**.

8. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 27th day of March 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Aymara Sorhegui,** *Pro Se*
210 NW 87th Avenue
Apartment L225
Miami, FL 33172